An order may be prepared in accordance herewith.

---

### LACHMAN et al. v. PEOPLE et al.

(Supreme Court, Kings County, Special Term. February 14, 1910.)

1. RECORDS (§ 9*)—REGISTRATION OF TITLES TO LAND—APPLICATION.

An order for the service of summons and the commencement of an action to register title under the Torrens law should not be made, unless the court is satisfied that sufficient facts required by Real Property Law (Consol. Laws, c. 50) § 380, are shown to justify it.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

2. RECORDS (§ 9*)—REGISTRATION OF TITLES TO LAND—ADVERSE POSSESSION—
SHOWING AS TO SEARCH.

Where plaintiff, applying for registration of title under the Torrens
law, intends to rely on adverse possession, the papers must show search
for the probate of the will or administration of the estate of the deceased
record owner, and search against a third person as grantee of the record
owner, and a search in the office of the register or county clerk is insuf-
ficient.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

3. RECORDS (§ 9*)—REGISTRATION OF TITLES TO LAND—EXAMINER'S CERTIFI-
CATE.

An examiner's certificate in proceedings to register title under the Tor-
rens law, which shows that search was made for mortgages to the United
States loan commissioners in the office of the clerks of the United States
Circuit and District Courts is insufficient, and inquiry must have been
made in the county clerk's office, where the commissioners' books of mort-
gages are required by law to remain, when not in the use of the commis-
sioners.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

4. RECORDS (§ 9*)—REGISTRATION OF TITLES TO LAND—EXAMINER'S CERTIFI-
CATE.

An examiner's certificate, in proceedings to register title under the Tor-
rens law, which does not state the names of those searched against in the
various clerks' offices, and the periods of time, but which uses the ex-
pressions, "Names," "None," does not show the facts which must be dis-
closed.

[Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Application by Abraham Lachman and another against the People
of the State of New York and others for the registration of title.
Denied.

See, also, 127 N. Y. Supp. 912.

David Senft, for plaintiffs.
John F. Clarke, Dist. Atty., for the People.

MADDOX, J. This is an application for registration of title un-
der what is generally known as the Torrens law, and "the order for
the service of the summons and the commencement of the action"
should not be made, unless the court is satisfied that sufficient facts
are shown (Real Property Law [Consol. Laws, c. 50] § 380) to call
for and justify that order.

Primarily, it would seem that plaintiffs intend to rely upon adverse
possession, and, that being so, the papers are wanting in what search
and inquiry have been made as to source of title in Zebulon Inslee.
One Mitchell is the previous record owner; but there is nothing in-
dicating any search for will probate or administration proceedings,
nor is it shown whether or not search against Inslee as grantee was
made, which might disclose something. Title might well pass by will
or perforce of the intestacy law, and not be disclosed by any search
in the office of the register or county clerk.

The examiner's certificate shows that he searched for mortgages
to the United States loan commissioners in the offices of the clerks
of the United States Circuit and District Courts, when that inquiry

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should have been made in the county clerk's office, where said commissioners' books of mortgages are required by law to be and remain when not in the use of the commissioners.

Again, the names of those searched against in the various clerks' offices, and the periods, are not stated; the expressions, "Names," "None," being insufficient to show the facts which should be disclosed on such an application as this.

The Eiseman affidavit is sufficient only as showing Lang in possession and erecting the house; but what about the possession and occupancy of Lang's grantee and those following him in the record title? For the reasons above given, I decline to sign the order asked for.